**Gail G. TERRELL, Plaintiff–Appellant,**

**v.**

**AMERICAN DRUG STORES, an Albertson's Company d/b/a/ Osco Drug, Defendant–Appellee.**

No. 02–3340.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided April 28, 2003.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Gail Terrell, an African–American woman over the age of forty, sued Osco Drug, claiming that Osco discriminated against her because of her color, race, religion, and sex in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.* She alleged that Osco discriminated against her when it failed to promote her from Assistant Manager to Operating Manager; demoted her to Scan Coordinator (a position that required her to ensure that merchandise rang up at the proper price); failed to accommodate her religious beliefs by pre-

venting her from advancing in management because she requested Sundays off; and paid her less than other employees. Osco moved for summary judgment, but Terrell did not respond to Osco's motion. Analyzing the motion under two legal theories (failure to accommodate and failure to promote), the district court granted summary judgment to Osco. Regarding the failure-to-accommodate theory, the court explained that Terrell's own deposition testimony established that Osco always honored her request that she not be scheduled to work on Sundays. As for the failure-to-promote theory, the court noted that Terrell's own testimony established that she never applied for a promotion and that she deemed herself unprepared from a promotion to the next level of management. We affirm.

When reviewing a grant of summary judgment, we typically view the facts in the light most favorable to the non-moving party, *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir.2002), but when a party fails to respond to a motion for summary judgment, its failure "constitutes an admission ... that there are no disputed issues of genuine fact warranting a trial." *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir.1995); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir.2003) (failure to controvert movant's facts deemed an admission of those facts). Thus, we deem Terrell's failure to respond as an admission that Osco's version of the facts is true.

Terrell, however, does not raise any cognizable argument on appeal. Her brief only recites unsubstantiated allegations that she believes support her discrimination claims. For instance, she asserts that Osco consulted attorneys regarding "how to handle" her before it allowed her into management, and that two witnesses can verify that Osco would never promote her because she could not work on Sundays.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

But Terrell did not introduce any evidence in the district court substantiating these claims, and we will not consider them for the first time here. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 659 (7th Cir. 2001). Moreover, she fails to challenge the basis for the district court's ruling, and we believe summary judgment for Osco was appropriate. *See Grayson v. City of Chicago*, 317 F.3d 745, (7th Cir.2003) (plaintiff, as part of prima facie case for failure to promote, must show that "he applied for and was qualified for the position sought"); *EEOC v. United Parcel Serv.*, 94 F.3d 314, 317 (7th Cir.1996) (plaintiff, as part of prima facie case for failure to accommodate religious practice, must show that "the religious practice was the basis for the adverse employment decision").

AFFIRMED.